[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S APPLICATION TO CITE AND ADJUDGE IN CONTEMPT DATED SEPTEMBER 11, 1992 AND RE: DEFENDANT'S AMENDED MOTION FOR MODIFICATION DATED OCTOBER 15, 1992
The plaintiff seeks to have this court find the defendant in contempt of court by reason of his failure to abide by Judge Edward R. Karazin, Jr. orders as recited in that Memorandum of Decision on Motion for Pendente Lite Claims (No. 101.00). The defendant seeks to modify said orders. CT Page 939
The parties have appeared and testified. Further they have also introduced documentary evidence for the court to consider.
The court has considered such testimony and documentary evidence. The court has also considered all appropriate statutory criteria including Conn. Gen. Statutes 46b-82,46b-83, 46b-62 and 46b-84 and 46b-86, together with applicable case law. The court has also considered the child support guidelines and the financial affidavits of the parties.
The court makes the following findings:
1) There has been a substantial decrease in the defendant's financial income, resources and ability to satisfy his creditors including his spouse and Gateway Bank. There has been a dramatic decline in the defendant's income due to an extremely distressed graphic arts business. This is based on the defendant's testimony and a review of his financial affidavits dated July 13 and 30, 1992 as compared to his financial affidavit dated October 15, 1992.
2) The defendant's failure to comply with the court orders under date of August 18, 1992 is not wilfull or deliberate. It is due to his inability to meet said obligation founded in a substantial decrease in income and income resources. The defendant is not in contempt of court.
3) The demand letter from Gateway Bank dated September 8, 1992 is not a substantial change in circumstance. This situation of mortgage payments being delinquent predate the court orders of August 18, 1992.
4) The child support determination should be made based on the plaintiff's net income of $369.10 (income of $519.10 less day care of $150.00) per her financial affidavit dated October 21, 1992. The defendant's income is based on net $467.22 per his financial affidavit dated October 15, 1992. The defendant has testified that he does not pay any income taxes at the present time, so therefore his income is not subject to any reduction for the purpose of determining income for child support.
Based on the foregoing the court orders as follows.
A) The defendant shall pay to the plaintiff the sum of $206.00 per week as child support. Such payment shall be made CT Page 940 on Friday of each week.
B) The defendant is not in contempt of court. Attorney's fees are not awarded to the plaintiff incident to her application to cite and adjudge in contempt dated September 11, 1992.
C) That order of this court dated August 18, 1992 requiring the defendant to pay $1000.00 towards the mortgage payment on the house is suspended. However, the parties and their respective attorneys are ordered to determine the arrearage payments the defendant was supposed to make less any payments actually made in compliance with said order). The court further orders that such arrearage shall be considered and dealt with at the final hearing of this case.
D) The defendant in lieu of such contribution towards the monthly mortgage payment on the house shall pay to the plaintiff the sum of $75.00 per week as temporary alimony.
E) The orders are made effective January 6, 1993.
JOHN W. MORAN, JUDGE